### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| JANELLE SEIFORTH, | ) |
| | ) |
| Plaintiff, | )   CIVIL ACTION NO.: |
| | ) |
| v. | ) |
| | ) |
| TALENT LOGIC, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## I. NATURE OF THE CLAIMS

PLAINTIFF JANELLE SEIFORTH ("PLAINTIFF") asserts a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation and attorneys fees, on the grounds set forth below.

## II. JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b).

2.  This Court has venue for all causes of action stated herein pursuant to 28 U.S.C § 1391(b)(2) as the acts alleged as a basis for the claim at issue took place within this Court's jurisdictional boundaries.

### III.  PARTIES

3.     PLAINTIFF is a United States citizen who resides in Riverdale, Clayton County, Georgia.

4.     DEFENDANT TALENT LOGIC, INC. ("DEFENDANT") is a corporation doing business within this judicial district and is subject to the jurisdiction of this Court.

5.     PLAINTIFF is a former employee of DEFENDANT who was denied proper overtime compensation during the relevant period of her employment.

6.     DEFENDANT employed PLAINTIFF as an employee and therefore DEFENDANT is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and is not exempt under the Act.

7.     Throughout PLAINTIFF'S employment, DEFENDANT had employees engaged in commerce and its annual gross volume of sales made was more than $500,000.   Therefore, throughout PLAINTIFF'S employment DEFENDANT was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

### IV.  FACTUAL ALLEGATIONS

8.     PLAINTIFF was employed by DEFENDANT from about July 2007 to January 2012.

2

9.     Throughout PLAINTIFF'S employment, she was employed by DEFENDANT to retrieve, organize and ship computer discs and tapes from locations in Atlanta and Marietta, Georgia.

10.    Throughout PLAINTIFF'S employment, she was paid at an hourly rate.

11.    Throughout PLAINTIFF'S employment, her primary duties involved retrieving, organizing and shipping computer discs and tapes.

12.    Throughout PLAINTIFF'S employment, she was engaged in commerce and was employed by an enterprise engaged in commerce within the meaning of the FLSA and therefore is expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

13.    Throughout PLAINTIFF'S employment, she was classified as a non-exempt employee for purposes of the FLSA.

14.    Throughout PLAINTIFF'S employment, her primary duties conformed to a very specific standard of conduct that did not involve the exercise of discretion and independent judgment.

15.    Throughout PLAINTIFF'S employment, her primary duties did not involve professional, administrative or managerial duties.

16.    Throughout PLAINTIFF'S employment, she worked over forty (40) hours per week.

17. Throughout PLAINTIFF'S employment, DEFENDANT was aware of the extra hours PLAINTIFF worked each week in excess of 40 hours.

18. Throughout PLAINTIFF'S employment, DEFENDANT did not pay PLAINTIFF overtime compensation for all the work PLAINTIFF performed in excess of 40 hours in a workweek at the rate of one and one-half times PLAINTIFF'S regular hourly rate.

19. Throughout PLAINTIFF'S employment, PLAINTIFF'S pay stubs were prepared from information provided by DEFENDANT. Throughout PLAINTIFF'S employment, PLAINTIFF'S pay stubs state that PLAINTIFF worked more than 40 hours in a workweek. However, throughout PLAINTIFF'S employment, DEFENDANT did not pay PLAINTIFF proper overtime compensation for all the work she performed in excess of 40 hours in a workweek at the rate of one and one-half times PLAINTIFF'S regular hourly rate.

20. On numerous occasions during PLAINTIFF'S employment, PLAINTIFF complained to DEFENDANT that she was not being paid proper overtime compensation for all the work she performed in excess of 40 hours in a workweek at the rate of one and one-half times PLAINTIFF'S regular hourly rate. However, despite PLAINTIFF'S complaints to DEFENDANT about this improper practice, DEFENDANT refused to correct the improper practice, and the improper practice continued with respect to PLAINTIFF.

21. Throughout PLAINTIFF'S employment, there is no evidence that the conduct of DEFENDANT that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

22. Throughout PLAINTIFF'S employment, DEFENDANT knowingly, intentionally and willfully violated the FLSA by failing to pay PLAINTIFF the overtime compensation and other compensation to which he was entitled.

23. In or about June 2011, DEFENDANT changed its name from SAI PEOPLE SOLUTIONS, INC. to TALENT LOGIC, INC.

## VI.  CLAIM

### *Count 1 – 29 U.S.C. § 207*
**(Overtime Compensation Due Under the FLSA)**

24. PLAINTIFF re-alleges paragraphs 1-23 above and incorporates them by reference as if fully set forth herein.

25. By engaging in the above-described conduct, DEFENDANT TALENT LOGIC, INC. violated the FLSA with respect to PLAINTIFF.

26. By engaging in the above-described conduct, DEFENDANT TALENT LOGIC, INC. knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFF.

27. Throughout the relevant period of this lawsuit, there is no evidence that the conduct of DEFENDANT TALENT LOGIC, INC. that gave rise to this

action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

28.  As a direct and proximate result of the above-described conduct, PLAINTIFF has lost wages.

29.  Said violation gives rise to a claim for relief under the FLSA for PLAINTIFF for past due overtime compensation for three years prior to the filing of this Complaint, prejudgment interest, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 201 *et seq.*

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court do the following:

1. Issue a declaratory judgment that DEFENDANT TALENT LOGIC, INC. has engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFF;

2. Require DEFENDANT TALENT LOGIC, INC. pay PLAINTIFF for past due overtime compensation calculated at one and one-half times the proper normal rate that PLAINTIFF would have received but for unlawful conduct going back three (3) years from the date this Complaint was filed;

3. Require DEFENDANT TALENT LOGIC, INC. to pay PLAINTIFF liquidated damages as provided for under the Fair Labor Standards Act;

4. Award PLAINTIFF her reasonable attorneys' fees and costs and expenses of suit arising from DEFENDANT'S violations under the Fair Labor Standards Act;

5. Permit a trial by jury on all issues so triable; and

6. Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF hereby demands a jury trial on all claims for which she has a right to a jury.**

<u>*s/ Alan H. Garber*</u>
Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
THE GARBER LAW FIRM, P.C.
Suite 14
4994 Lower Roswell Road
Marietta, GA  30068
(678) 560-6685
(678) 560-5067 (facsimile)

**COUNSEL FOR PLAINTIFF**