IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANELLE SEIFORTH, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | 1:12-cv-00853-MHS |
| v. | ) | |
| | ) | |
| TALENT LOGIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION**
**FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Plaintiff moves the Court to dismiss this lawsuit without prejudice with all parties to bear their own costs and fees, pursuant to Fed. R. Civ. P. 41(a)(2). In support of this Motion, plaintiff states the following.

**I.    INTRODUCTION**

This case is in the early stage of litigation. The parties' Joint Preliminary Report and Discovery Plan was filed just over one month ago. No formal discovery has taken place, and no motions have been filed. On the same day the parties filed their Joint Preliminary Report, defendant provided plaintiff with documents relevant to plaintiff's claim. Upon review of the documents, plaintiff offered to dismiss her claim without prejudice. Defendant rejected plaintiff's offer, however, and demands a dismissal *with* prejudice. Moreover, defendant has threatened to seek the recovery of fees

1

from plaintiff and her attorney unless plaintiff accedes to its demand. Defendant's unreasonable position has left plaintiff with no choice but to seek appropriate and just relief from this Court.

There is no evidence of unreasonable delay or bad faith by plaintiff in seeking a dismissal without prejudice. Nor will defendant suffer any prejudice if such dismissal is allowed. Accordingly, plaintiff's motion for a voluntary dismissal of her lawsuit without prejudice should be granted. Moreover, in view of plaintiff's good faith and the early stage of this case, there is no basis to impose conditions on a voluntary dismissal, including requiring plaintiff to reimburse defendant for its fees or costs upon refiling this action.

## II. FACTS

### *The Parties Informally Exchanged Relevant Documents Early In The Case*

On March 13, 2012, plaintiff filed this lawsuit claiming a violation of the Fair Labor Standards Act. Doc. 1. On April 6, 2012, defendant filed its Answer. Doc. 5.

Over the next several weeks, the parties engaged in an informal exchange of relevant documents. On April 19, 2012, prior to the parties' joint planning meeting, and on April 30, 2012, plaintiff sent defendant pay stub documents in her possession indicating that plaintiff did not receive proper

overtime for the hours worked during various pay periods.[1]  Exs. 1, 2.  As plaintiff's counsel explained, the pay stubs – on their face – indicated that plaintiff worked more than 80 hours during numerous bi-weekly pay periods for which she did not receive proper overtime compensation.  *Id.* (all citations).

Plaintiff's counsel further explained the necessity of analyzing the underlying time records – which were not in plaintiff's possession – to account for the hours and apparent overtime discrepancies on plaintiff's pay stubs.  Ex. 1, April 19, 2012, 11:30 a.m. e-mail from Alan Garber to Robert Sands ("*Ultimately we'll need her time records for the seven-day workweeks at issue.*"); Ex. 2, April 30, 2012 e-mail from Alan Garber to Robert Sands ("*The sooner defendant is able to produce these documents, the sooner both parties can focus on resolution.*").  Notably, defendant's counsel agreed on "*the prudence of assembling and producing the time sheets.*"  Ex. 2.

On May 4, 2012, the parties filed their Joint Preliminary Report And Discovery Plan.  Doc. 10.  That same day, defendant finally provided plaintiff with time records from her employment that were created by defendant and which – according to defendant – explained the overtime discrepancies in

---

[1] In lieu of filing voluminous pay stub documents, plaintiff has provided the Court a few examples of the pay stubs sent to defendant indicating that plaintiff was not paid proper overtime.

plaintiff's pay stubs. Ex. 3 at 1. Defendant demanded that plaintiff dismiss the case within 14 days or suffer the consequences of Rule 11 sanctions. *Id.* at 1-2.

### *Defendant Rejected Plaintiff's Offer Of Dismissal Without Prejudice*

On May 8, 2012, plaintiff's counsel asked defendant's counsel if his client would consider a dismissal without prejudice. Ex. 4. Plaintiff's counsel had concerns with a dismissal with prejudice unless plaintiff received some consideration. *Id.* In addition, plaintiff's counsel had concerns that a dismissal with prejudice would be viewed by the Court as an attempt to circumvent court approval of an FLSA settlement as required by this circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). *Id.* Defendant's counsel responded: *"[T]hank you for your insight on this issue and you raise some good points. I can see how dismissal without prejudice could be simpler but I'm sure they don't want to run the risk of this claim being filed again."* Ex. 4. He agreed to discuss plaintiff's proposal with defendant. *Id.*

On May 18, 2012, plaintiff made an offer to defendant, agreeing to file a joint dismissal without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii) with each party to bear its own costs and expenses. Ex. 5. On May 30, 2012 defendant rejected plaintiff's offer and demanded not only a dismissal *with*

4

prejudice but a *general release of all claims*, and threatened to seek recovery of fees from plaintiff and her attorneys if plaintiff did not agree to defendant's terms. *Id.* Subsequently, defendant agreed to limit its demand to a dismissal *with* prejudice of plaintiff's FLSA claim only. Ex. 6.

Up to this date, the parties have not engaged in any formal discovery, and have not filed any motions.

### III.  ARGUMENT

#### A.  *Plaintiff's Voluntary Dismissal Should Be Allowed Because Defendant Will Not Suffer Any Prejudice*

1.

Rule 41 of the Federal Rules of Civil Procedure governs the ability of a plaintiff to dismiss an action voluntarily and without prejudice. Rule 41(a)(1) permits a plaintiff to dismiss voluntarily an action without prejudice *without* first seeking leave from the court as long as the defendant has not yet filed either an answer or a motion for summary judgment, whichever occurs first. Once an answer or a summary judgment motion has been filed, Rule 41(a)(2) permits a plaintiff to dismiss voluntarily an action only "upon order of the court and upon such terms and conditions as the court deems proper." Fed.

R. Civ. P. 41(a)(2). [2] Such a voluntary dismissal upon order of the court is also deemed without prejudice unless otherwise specified by the court. *Id.*

The decision whether or not to grant a voluntary dismissal without prejudice is within the broad discretion of the district court. *Pontenberg v. Boston Scientific Corp.,* 252 F.3d 1253, 1255 (11th Cir. 2001). "[I]n most cases a voluntary dismissal should be allowed unless the defendant will suffer clear legal prejudice, *other then the mere prospect of a second lawsuit*, as a result." *Id.* (original emphasis). The crucial question for determination by the court is whether the defendant would "lose any substantial right" by the dismissal without prejudice. *Id.* "It is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir. 1986). Moreover, the mere attempt to avoid a summary judgment ruling, particularly where there is no evidence of bad faith, is insufficient to defeat a voluntary dismissal without prejudice. *Pontenberg,* 252 F.3d at 1258. In addition, delay alone, in the absence of bad faith, is insufficient to defeat a voluntary dismissal. *Id.* at 1259.

---

[2] Under Fed. R. Civ. P. 41(a)(1)(A)(ii), after a defendant has filed an answer or summary judgment motion, a plaintiff also may voluntary dismiss her claim without prejudice by filing a stipulation of dismissal signed by all parties who have appeared. If a defendant refuses to agree to the stipulation of dismissal without prejudice – as in this case – a plaintiff must seek relief from the district court under Rule 41(a)(2).

6

2.

The Eleventh Circuit has consistently held in cases where the plaintiff has sought voluntary dismissal without prejudice that defendants did not suffer legal prejudice despite having engaged in significant discovery and motion practice – circumstances far removed from those in this case. In *Pontenberg*, the plaintiff filed a product liability action against the defendant in state court, after which defendant removed the action to federal court. *Pontenberg,* 252 F.3d at 1255. After the parties exchanged expert witness disclosures, the defendant filed a motion to strike the plaintiff's expert witnesses. *Id.* The district court held a hearing on the motion to strike, after which it granted the motion. *Id.* Subsequently, defendant filed a motion for summary judgment. *Id.* Instead of responding to the motion, plaintiff filed a notice of voluntary dismissal without prejudice. *Id.* Over defendant's objection, the district court entered an order allowing plaintiff to dismiss her action without prejudice, and denied as moot defendant's summary judgment motion. *Id.*

The Eleventh Circuit affirmed, holding that despite defendant's considerable investment in resources in defending the action, as well the pendency of a summary judgment motion, there was no evidence that defendant suffered any legal prejudice sufficient to support a denial of a voluntary dismissal without prejudice. *Id.* at 1256-58. Nor was there

evidence of bad faith in plaintiff's counsel failing to conduct timely discovery which was attributed to the attorney's negligence rather than by design. *Id.* at 1257-58. The court affirmed the lower court's order permitting plaintiff to dismiss voluntarily without prejudice her products liability action against the defendant. *Id.* at 1260.

In *McCants*, the plaintiff filed a motion to dismiss her case without prejudice in order to refile her lawsuit in another state to take advantage of a more favorable statute of limitations. *McCants,* 781 F.2d at 857. The parties had engaged in substantial discovery including interrogatories and depositions, and defendant had filed a summary judgment motion. *Id.* at 856-60. Moreover, if plaintiff was able to refile in another state, the defendant would lose its statute of limitations defense. *Id.* at 857. Despite those circumstances, the Eleventh Circuit held that defendant had not suffered any legal prejudice and affirmed the district's decision to grant a voluntary dismissal without prejudice. *Id.* at 859.[3]

---

[3] In *Durham v. Florida East Cost Ry. Co.*, 385 F.2d 366 (5th Cir. 1967), the district court denied the plaintiff's motion for voluntary dismissal without prejudice after plaintiff announced on the day of trial that he could not proceed, and then dismissed plaintiff's complaint with prejudice. *Durham*, 385 F.2d at 367. The Eleventh Circuit reversed, holding that the district court had abused its discretion in dismissing the complaint with prejudice and concluding that defendant would not suffer any prejudice had a voluntary dismissal without prejudice been granted, "other than the annoyance of a second litigation upon the same subject matter." *Id.* at 368-69.

3.

Here, there is no evidence that defendant will lose any substantial right if voluntary dismissal is granted. This lawsuit is still at an early stage. The case has been pending for only three months, and the parties have conducted no discovery – other than informally providing relevant documents, including copies of time records from defendant. Nor has defendant filed any motions. Under these circumstances, defendant will not suffer any prejudice "other than the mere prospect of a second lawsuit" if voluntary dismissal without prejudice is allowed. *Pontenberg*, 252 F.3d at 1255. *See Southern Christian Leadership Conference of Alabama v. Siegelman,* 714 F. Supp. 511, 521-22 (M.D. Ala. 1989) (Dubina, J.) (granting plaintiffs' motion to voluntarily dismiss claims without prejudice that "was made early in the case, before any dispositive motions were filed, and before significant discovery had been conducted").

And there is no evidence of undue delay or bad faith in plaintiff seeking a voluntary dismissal. At all times, plaintiff has acted promptly and in good faith. Only two weeks after defendant filed its answer on April 6, 2012, plaintiff voluntarily shared with defendant copies of pay stubs indicating discrepancies as to the payment of proper overtime. Significantly, defendant *agreed* that without the company's time records plaintiff could not analyze whether her overtime compensation was properly calculated or not.

Moreover, within two weeks after defendant provided copies of relevant time records on May 4, 2012, plaintiff offered to dismiss her claim without prejudice. Nor is there a shred of evidence that plaintiff had reviewed these documents – which were created by defendant not plaintiff – or was otherwise aware of their contents prior to filing her lawsuit.

Further, plaintiff should not be blamed for defendant's failure to produce potentially exculpatory documents prior to filing its answer or its portion of the Joint Preliminary Report. Nothing prevented defendant from seeking a stay of its answer deadline in order to provide the documents to plaintiff for review – which is particularly relevant in view of plaintiff's prompt action in agreeing to dismiss her lawsuit once she examined the documents. Nor was defendant stopped from providing these documents to plaintiff at anytime before the Preliminary Report was due.

Finally, in seeking a voluntary dismissal, plaintiff is not necessarily conceding that her claim is without merit. Plaintiff has not sought discovery to determine if the information contained in the documents are in fact accurate, or to compare the contents of the documents to the time sheets she submitted to defendant each week of her employment. Nor has plaintiff attempted to authenticate the documents defendant has provided through depositions. In any event, "the mere attempt by plaintiff to avoid an adverse summary judgment ruling in and of itself, particularly where there is no

evidence of bad faith," *Pontenberg*, 252 F.3d at 1258, or to gain some other "tactical advantage," *McCants,* 781 F.2d at 857, is insufficient to support denial of a voluntary dismissal without prejudice.

Accordingly, plaintiff's motion for voluntary dismissal of her lawsuit without prejudice should be granted.

### B. *There Is No Basis To Impose Costs Or Other Conditions On Plaintiff's Voluntary Dismissal*

1.

In exercising its discretion under Rule 41(a)(2), a district court may consider whether the relevant equities and justice require the imposition of certain conditions to a voluntary dismissal. *McCants*, 781 F.2d at 857. Where the defendant has been put to considerable expense in conducting discovery or preparing for trial, or the plaintiff appears to have engaged in forum shopping, courts typically require the plaintiff to reimburse the defendant for some or all of the costs of the dismissed action should the plaintiff later refile. *See, e.g., Pontenberg*, 252 F.3d at 1260; *McCants*, 781 F.2d at 860; *Jones v. Smartvideo Tech., Inc.,* No. 1:06-cv-2760-WSD, 2007 WL 1655855, at *4 (N.D. Ga. June 4, 2007) (Duffey, J.); *Versa Products, Inc. v. Home Depot, USA, Inc.,* 2004 WL 5544746, at *1-2 (N.D. Ga. 2004) (Shoob, J.), *aff'd*, 387 F.3d 1325 (11th Cir. 2004).

However, the imposition of costs and fees is not a prerequisite to granting a voluntary dismissal, particularly where the plaintiff has acted in good faith throughout the proceedings. *Stevedoring Serv. of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (affirming district court refusal to impose fees and costs in permitting voluntary dismissal where plaintiff acted in good faith, notwithstanding that parties had engaged in discovery and motion practice); *Puerto Rico Maritime Shipping Auth. v. Leith,* 668 F.2d 46, 51 (1st Cir. 1981) (same); *Carolina Casualty Ins. Co. v. Bogin, Munns & Munns, P.A.*, No. 6:07-cv-999-Orl-19DAB, 2008 WL 2439812, at *3 (M.D. Fla. June 13, 2008).

*Carolina Casualty* involved facts similar to those here. In that case, after defendants filed their answer, plaintiff filed a motion for voluntary dismissal without prejudice. 2008 WL 2439812, at *1. No discovery had taken place, and no dispositive motions had been filed. *Id.* at *3. The court granted the voluntary dismissal and imposed no conditions. *Id.* The court held that because the defendant had not spent considerable resources defending the case and there was no evidence of plaintiff's bad faith in moving for dismissal, the equities in the case "weigh in favor of requiring all parties to bear their own costs and attorney's fees." *Id.; King v. St. Lawrence,* No. CV408-103, 2008 WL 4559384 (S.D. Ga. Oct. 10, 2008) (allowing voluntary dismissal of plaintiff's case and imposing no conditions because of

12

the early stage of the case and defendants had not been subjected to the expense of discovery).

In *Versa Products v. Home Depot*, this Court imposed conditions to plaintiff's voluntary dismissal upon refiling after noting evidence of forum shopping by the plaintiff – facts that are not present here. In *Versa Products*, the plaintiffs' case was transferred to federal court in the Northern District of Georgia from federal court in the Eastern District of Missouri. V*ersa Products*, 2004 WL 5544746, at *1. Following the transfer, plaintiffs moved to dismiss their remaining claims without prejudice on the alleged grounds that it was "economically impossible for them to pursue their claims in [the Northern District of Georgia]." *Id.* The defendant did not oppose the dismissal but argued that, to guard against possible forum shopping, the court should condition dismissal on the requirement that if plaintiffs refile their case, they do so in the Northern District of Georgia and reimburse defendant for its costs and fees upon such refiling. *Id.*

This Court agreed and held that defendant should not be deprived of the benefit of the favorable ruling on the motion to transfer. *Id.* Accordingly, this Court granted plaintiffs' motion to dismiss without prejudice, and furthered ordered that if plaintiffs elected to refile the case, they must refile it in this Court, and upon such refiling plaintiffs must reimburse defendant for its costs and fees accrued in the case. *Id.* at *2.

In *Jones v. Smartvideo Tech., Inc.*, Judge Duffey allowed plaintiff's voluntary dismissal but imposed conditions upon refiling because defendant had incurred discovery costs in preparing for a deposition – again, facts that are not present here. In that case, the plaintiff filed a motion to dismiss his lawsuit the day before the scheduled date of his deposition. *Jones,* 2007 WL 1655855, at *1. The court held that because plaintiff had not acted in bad faith and defendant would not suffer legal prejudice, dismissal of the lawsuit would be allowed. *Id.* at *3. Further, the court found that although the parties had engaged in some written discovery, the defendants had not been required to substantially prepare for trial, and, notably, some of the discovery and pleadings in the case could be relied upon and reused in subsequent litigation; accordingly, the court did not require plaintiff to reimburse defendant for those costs in the event the case was refiled. *Id.* at *4.

However, the court found that the only prejudice defendants may potentially suffer if plaintiff refiled the case would be the cost to prepare again for plaintiff's deposition. *Id.* Therefore, the court ordered that, prior to refiling, the plaintiff must reimburse defendants for their costs and fees incurred in preparing for plaintiff's deposition. *Id.; see Pontenberg*, 252 F.3d at 1255-56, 1260 (affirming voluntary dismissal and imposition of payment of costs upon plaintiff refiling lawsuit where defendant had expended considerable resources in discovery including expert witness disclosure, and

14

had filed numerous motions including motion to strike plaintiff's expert witness and motion for summary judgment).

3.

Here, like *Carolina Casualty*, the equities in this case weigh in favor of imposing no conditions to plaintiff's voluntary dismissal of her lawsuit, and requiring the parties to bear their own costs and fees. This case is in the early stage of litigation. There has been no formal discovery and no motions have been filed. Defendant has participated in limited informal discovery involving producing copies of time record documents, and has filed an answer and other initial pleadings – all of which, as Judge Duffey recognized in *Jones,* can be relied upon and reused in subsequent litigation.

Moreover, at all times plaintiff has acted promptly and in good faith. Shortly after defendant filed its answer, plaintiff produced her pay stubs to defendant explaining the basis of her claim. And shortly after defendant provided explanatory time records, plaintiff agreed to dismiss her lawsuit, albeit, without prejudice. Indeed, if defendant had produced plaintiff's time records prior to filing its answer, further litigation could have been avoided altogether. Finally, there is no evidence of gamesmanship as this Court noted in *Versa Products.*

Therefore, there is no basis for the Court to impose conditions of any kind to plaintiff's voluntary dismissal of her lawsuit.  Accordingly, the parties should be required to bear their own costs and fees.

## IV.　CONCLUSION

Based on the foregoing, plaintiff's Motion for Voluntary Dismissal Without Prejudice should be granted, with all parties to bear their own costs and fees.

### LOCAL RULE 7.1(D) CERTIFICATION

The undersigned hereby certifies that this brief has been prepared using Century Schoolbook 13 point font in compliance with LR 5.1(C).

*s/ Alan H. Garber*
Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
THE GARBER LAW FIRM, P.C.
Suite 14
4994 Lower Roswell Road
Marietta, GA  30068
(678) 560-6685
(678) 560-5067 (facsimile)
ahgarber@garberlaw.net
mngarber@garberlaw.net

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

Dated: June 10, 2012.

*s/ Alan H. Garber*
Alan H. Garber